**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No.10-cr-00398-REB

UNITED STATES OF AMERICA,

 Plaintiff,

v.

1. ROBERT THOMPSON,
  a/k/a "Big Smoke"

  Defendant.

## PROTECTIVE ORDER REGARDING RULE 16 MATERIAL

**Blackburn, J.**

  THE COURT has received the **United States Motion for Protective Order for Rule 16 Material** [#22] filed December 7, 2010, concerning the use, custody, and circulation of Fed. R. Crim. P. 16 material. For good cause, the Court may enter a protective order regulating discovery in a criminal case pursuant to Fed. R. Crim. P. 16(d).

  The Court is familiar with the file in this case and has reviewed the motion. The government has expressed concerns that certain Rule 16 discovery material should not be left in the exclusive custody of a defendant or be published except for official use in relation to the development of this case in related court proceedings. The government cites concerns for witnesses that could stem from the unauthorized publication, duplication, or circulation of certain written documents, photographs or audio files, possibly to include personal identifying information reflected in NCIC/CCIC types of

reports that may be disclosed to the defense. Being now sufficiently advised in the premises, the Court finds and concludes that it is in the best interests of justice to grant the motion.

It is ordered that Rule 26.2 material and Jencks Act material, to include witness statements and reports of witness statements or debriefings, Rule 16 material, audio files, video files, copies of photographs, personal identifying information such as addresses, dates or birth, and social security numbers for witnesses or other persons, and any NCIC/CCIC reports furnished to the defense in this case shall be used only for official purposes related to judicial proceedings in this case and for no other purpose.

Further, pursuant to this Order, material reflecting the personal identifying information described above, to include, records showing statements by witnesses, audio files, video files, and copies of photographs shall remain in the physical custody and control of the defense attorneys who have entered their appearance in this case and the confidential associates or employees of such defense attorneys. Further, documents, video files, and audio files may be entrusted to a qualified translator, for the purpose of preparing translations for use in relation to this case, at the discretion of counsel. Any such Rule 26.2 and Jencks Act material that may be produced during the pendency of the case shall not be left in the exclusive custody of the defendant. The defendant and other persons assisting the attorneys for the defendant may review the material, but such review by a defendant must be accomplished without violating the rule that the material is to remain, at all times, under the custody and physical control of the attorneys, either personally or through the custody and control of confidential associates or employees of the attorneys. The same custodial guidelines shall apply to

the use of any photographs, video files, or audio files of persons who are or may become witnesses, including NCIC/CCIC reports provided to the defense pursuant to Rule 16 or otherwise in relation to this case.  *See* Fed. R. Crim. P. 49.1 (Privacy protection for filings made with the court).

Such custodial guidelines shall not prevent the detained defendants from reviewing wiretap and surveillance evidence outside the presence of their attorneys when done under the supervision of detention facility viewing guidelines.

Unless the attorneys for the defense and the government come to a specific understanding to the contrary, material disclosed to the defense, to include disclosure made through the use of electronic media, shall not be copied, reproduced, published, or publicly circulated by the defense without further order of Court or until its use in judicial proceedings at time of trial or in official hearings or proceedings related to this case.

In the event the defense and the government agree that certain materials or documents should be exempted from the limits otherwise imposed by this Order,  they may do so by mutual agreement.  In the event that the defense and the government disagree or are unclear about the meaning or application of this Order with respect to some document, file, photograph, or other material in the case, the parties may bring the issue to the attention of the Court.

At the conclusion of the case, the described material shall be returned to the government.

It is so ordered.

Dated December 7, 2010, at Denver, Colorado.

                                                   **BY THE COURT:**

                                                   */s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge